UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| BLAKE L. ANDERSON, | Case No. 3:18-cv-00414-MMD-CBC |
|---|---|
| Petitioner, | ORDER |
| v. | |
| EIGHTH JUDICIAL DIST. COURT, *et al.*, | |
| Respondents. | |

Petitioner has submitted to the Court an initial pleading styled as a "petition for writ of mandamus" (ECF No. 1), followed by several other documents (ECF Nos. 3, 5-10), all of which appear to seek relief from this Court in relation to a criminal proceeding against Petitioner in the Eighth Judicial District Court for Nevada that recently resulted in a judgment of conviction.

The matter has not been properly commenced because Petitioner has not paid the filing fee or, alternatively, filed an application to proceed *in forma pauperis*. Thus, the present action will be dismissed without prejudice to the filing of a new petition in a new action with either payment of the filing fee ($5.00) or an application to proceed *in forma pauperis*.

Petitioner is advised, however, that this Court's ability to intervene in a state criminal proceeding and/or set aside a state court's judgment of conviction is limited by the exhaustion doctrine and the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971). To satisfy the exhaustion requirement, a claim brought in this Court must have

been fairly presented to the state courts completely through to the highest court available. *See ,e.g.*, *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). Under the abstention doctrine, a federal court will not entertain a habeas petition seeking intervention in a *pending* state criminal proceeding, absent special circumstances. *See, e.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980); *Davidson v. Klinger*, 411 F.2d 746 (9th Cir. 1969).

It is therefore ordered that this action is dismissed without prejudice to the filing of a new petition in a new action with either payment of the filing fee or a properly completed pauper application. The Clerk of Court is instructed to enter judgment accordingly and close this case.

It is further ordered that a certificate of appealability is denied, as jurists of reason would not find the Court's dismissal of this improperly commenced action without prejudice to be debatable or incorrect.

It is further ordered that the Clerk send Petitioner two copies each of an application form to proceed *in forma pauperis* for incarcerated persons and a noncapital Section 2254 habeas petition form and one copy of the instructions for each form.

It is further ordered that pending motions (ECF Nos. 9, 10) are denied as moot.

DATED THIS 5th day of October 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE